## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| FRANCIS J. AGNELLI and | ) | Chapter 7 |
| LOU-ANN M. AGNELLI, | ) | Case No. 15-20222 PGC |
| | ) | |
| Debtors. | ) | |

### DEBTORS' OBJECTION AND RESPONSE TO TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION

NOW COME the Debtors by and through their undersigned counsel and object and respond to the *Trustee's Objection to Claim of Exemption* [Docket Entry ("**DE**") 14] (herein, "**Trustee's Objection**").

1. The Debtors admit the allegations in Paragraph No. 1 of the Trustee's Objection.

2. The Debtors admit the allegations in Paragraph No. 2 of the Trustee's Objection.

3. The Debtors admit the allegations in Paragraph No. 3 of the Trustee's Objection.

4. In response to Paragraph No. 4 of the Trustee's Objection, the Debtors admit that the Trustee objects to their claim of exemption with respect to the described real property, but the Debtors deny the remainder of the allegations in Paragraph No. 4.

5. In response to Paragraph No. 5 of the Trustee's Objection, the Debtors admit that the statute, 14 M.R.S. § 4422(1)(B) allows a debtor to claim an exemption in property described in Subsection (A) of 14 M.R.S. § 4422(1) that reads as follows:

> 1. **Residence**.  The exemption of a debtor's residence is subject to this subsection. A. Except as provided in paragraph B, the debtor's aggregate interest, not to exceed $47,500 in value, *in real or personal property that the debtor or a dependent of the debtor <u>uses</u> as a residence*, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor, except that if minor dependents of the debtor have their principal place of residence

>with the debtor, the debtor's aggregate interest may not exceed $95,000 and except that if the debtor's interest is held jointly with any other person or persons, the exemption may not exceed in value the lesser of $47,500 or the product of the debtor's fractional share times $95,000 (emphasis added).

Furthermore, the statute expressly recognizes an example of ownership in an entity other than individual debtors – a cooperative that owns the residence.

6. The Debtors admit the allegations in Paragraph No. 6 of the Trustee's Objection.

7. The Debtors deny the allegations of Paragraph No. 7 of the Trustee's Objection because they use the real property in question as a residence, and 14 M.R.S. § 4422(1)(A) and (B) allow the claim of homestead to protect a residence that they *use*, whether or not they own legal title to it. (Emphasis Added).

8. In response to Paragraph No. 8 of the Trustee's Objection, the Debtors are without knowledge or information sufficient to form a belief as to the truth of the assertion that the law is "well-settled" in other jurisdictions as alleged. Further, Debtors deny that the statutes in the cases cited by the Trustee are all analogous.

Ownership, not just use, was required by the statute in *In re Arnhoelter*, 431 B.R. 453, 454 (Bankr. E.D. Wisc. 2010) ("The most basic requirement of the homestead exemption is ownership of the property; ..."). The same was true in *In re Hecker*, (Bankr. D. Minn. 2009 (414 B.R. 499, 503) ("The homestead exemption therefore is limited to a house that is occupied *and* owned by the debtor.") (Emphasis Original).

The homestead exemption was not even at issue in *Fowler v. Shadel*, 400 F.3d 1016 (7th Cir. 2005); it addressed a truck and automobile.

Furthermore, contrary authority exists. Nebraska debtors were permitted to claim a homestead exemption in their residence even though it was titled in the name of their wholly owned LLC. *In re Basler*, No. BK10-43471-TJM (Bankr. D. Nebraska March 10, 2011).

> Long-standing Nebraska law holds that 'a debtor need not be the absolute owner in fee in order to establish a homestead right in land,... [but] any estate or interest in lands which gives the right of occupancy or possession is sufficient, if coupled with requisite occupancy' to support a homestead exemption.

9. In response to Paragraph No. 9 of the Trustee's Objection, the Debtors admit that the Trustee requests that their claim of exemption be disallowed in full, but Debtors deny that the Trustee's requests should be granted.

WHEREFORE, the Debtors request the Court to overrule the Trustee's Objection.

Respectfully submitted this 24th day of June, 2015.

/s/ Joseph L. Goodman
Joseph L. Goodman, Esq.
Bar # 7472
The Goodman Law Firm, P.A.
1 Dana Street
P.O. Box 7523
Portland, Maine 04112
(207) 775-4335
joe@goodmanlawfirm.com